IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | |
|---|---|
| CLEAR BLUE SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>FREAKY FAST 2 INC. dba JIMMY JOHN'S; JIMMY JOHN'S FRANCHISE, LLC; and CHRISTINE MARIE RIGSBY AND JOSEPH RAY RIGSBY, individually and as Parents and Next Friend of JR, a minor,<br><br>Defendants. | Civil Action No.  1:19-cv-3-GNS |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Clear Blue Specialty Insurance Company ("Clear Blue"), by and through its undersigned counsel, for its Complaint for Declaratory Judgment against Defendants, Freaky Fast 2 Inc. dba Jimmy John's ("Freaky Fast"), Jimmy John's Franchise, LLC ("Jimmy John's"), and Christine Marie Rigsby and Joseph Ray Rigsby, individually and as Parents and Next Friend of JR, a minor (the "Rigsbys"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment and other relief, brought pursuant to 28 U.S.C. §§ 2201 and 2202, for the purpose of resolving an actual controversy between the parties regarding their respective rights and obligations under a liability policy that Clear Blue issued to Freaky Fast. In particular, Clear Blue seeks a declaration that it owes no defense or indemnity obligation under the subject insurance policy with respect to its insureds' alleged liability in an underlying civil lawsuit pending in the Warren Circuit Court, Kentucky, styled *Christine Marie Rigsby and Joseph Ray Rigsby, individually and as Parents and Next Friends of JR, a minor v.*

*Alexis Ogles, Freaky Fast 2 Inc. dba Jimmy John's, and Jimmy John's Franchise, LLC*, Civil Action No. 18-CI-1543 (the "Underlying Lawsuit").

## THE PARTIES AND CITIZENSHIP

2. Clear Blue is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business in Guaynabo, Puerto Rico. Clear Blue is authorized to transact business within the Commonwealth of Kentucky as an excess and surplus lines and property and casualty insurer.

3. Upon information and belief, Freaky Fast is a corporation organized and existing under the laws of the Commonwealth of Kentucky, with its principal place of business in Bowling Green, Kentucky.

4. Upon information and belief, Jimmy John's is a Delaware limited liability company, with its principal place of business in Champaign, Illinois. Jimmy John's is a manager-managed LLC whose managers are all believed to be Illinois residents.

5. Upon information and belief, the Rigsbys are Kentucky residents, and they filed the Underlying Lawsuit in the Warren Circuit Court, Kentucky. Clear Blue seeks no separate relief or judgment against the Rigsbys and, rather, seeks only to bind such defendants to any judgment rendered herein.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action, pursuant to 28 U.S.C. § 1332(a), because complete diversity exists between the parties, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7. Venue is proper in this judicial district, pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to this claim occurred within this district, and the Underlying Lawsuit is pending within this district.

## THE UNDERLYING LAWSUIT

8. On November 7, 2018, the Rigsbys filed the Underlying Lawsuit. (A true and correct copy of the Complaint is attached hereto as Exhibit 1.)

9. According to the Complaint, on or about June 8, 2018, JR, a minor, was a pedestrian walking on the 3000 Block of Industrial Drive in Bowling Green, Kentucky.

10. At that time and place, Alexis Ogles ("Ogles") was allegedly on and/or returning from a delivery within the scope and course of her employment with Freaky Fast and Jimmy John's, and struck JR with her vehicle.

11. As a result of the collision, JR allegedly suffered severe injuries.

12. Ogles allegedly fled the scene of the accident, leaving JR, a minor, on the side of the road.

13. The Rigsbys allege that Ogles operated her vehicle negligently, carelessly, and in disregard for JR's safety, and that such negligence was a direct and proximate cause of the collision and resultant injuries to JR.

14. The Rigsbys further allege that, as the employer of a delivery driver, Freaky Fast had a duty to exercise the degree of care that an ordinary prudent employer would exercise under the same or similar circumstances, and that Freaky Fast breached such duty through various independent acts of negligence, including failure to train, failure to supervise, and negligent hiring, among other acts.

15.     The Rigsbys allege that, insofar as Freaky Fast was the agent of Jimmy John's, the negligence of Freaky Fast is imputed to Jimmy John's. The Rigsbys assert that the negligence of Ogles is likewise imputed to Jimmy John's.

16.     With respect to Jimmy John's, the Rigsbys allege that such entity promulgated, authorized, encouraged, and/or mandated franchisees, like Freaky Fast, to complete deliveries in a manner as to comply with their "freaky fast" delivery identity, resulting in franchisees and/or their employees engaging in negligent, reckless, and careless delivery practices. Consequently, the independent negligence and carelessness of Jimmy John's allegedly was also a proximate cause of JR's injuries.

17.     The Rigsbys claim that JR was caused to incur medical expenses for hospital and medical treatment, and that he will continue to incur such expenses in the future. The Rigsbys also assert that they have suffered, and will in the future be caused to suffer, the loss of services of JR.

18.     By way of relief, the Rigsbys seek judgment against Freaky Fast, Jimmy John's, and Ogles for compensatory damages, costs, pre- and post-judgment interest, and any and all other relief to which they may be entitled.

## CLEAR BLUE'S PRELIMINARY CLAIMS-HANDLING

19.     Clear Blue received notice of the Underlying Lawsuit through its third-party claims administrator, Fortis Risk Solutions ("Fortis Risk"), on or about November 30, 2018.

20.     Through investigation, Clear Blue and Fortis Risk learned that, contrary to the allegations contained in the Underlying Lawsuit, Ogles was not on and/or returning from a delivery within the scope and course of her employment with Freaky Fast and Jimmy John's

when the incident occurred. In fact, on June 8, 2018, Ogles ended her work shift at 6:46 p.m., which was before the subject incident took place.

21. On December 28, 2018, Clear Blue, through Fortis Risk, sent letters to Freaky Fast and Jimmy John's agreeing to provide the insureds with a defense in the Underlying Lawsuit subject to a complete and ongoing reservation of rights.

22. An actual, present, and justiciable controversy has arisen and now exists between Clear Blue, Freaky Fast, and Jimmy John's regarding their respective rights, duties, and obligations under the subject Clear Blue Policy, including whether Clear Blue has any defense or indemnity obligations thereunder based on the facts alleged in the Underlying Lawsuit.

## THE CLEAR BLUE POLICY

23. Clear Blue issued Policy No. AE03-00000175-00 to Freaky Fast for the policy period January 25, 2018 to January 25, 2019 (the "Clear Blue Policy"). (A true and correct copy of the Clear Blue Policy is attached hereto as Exhibit 2.)

24. The Clear Blue Policy provides insurance for Commercial General Liability ("CGL") and Commercial Auto liability, among other risks, with liability limits of $1 million each occurrence and $1 million each accident, respectively.

25. The Clear Blue Policy provides the following under the CGL Coverage Form, in relevant part:

> **SECTION I – COVERAGES**
>
> **COVERAGE A — BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> 1. **Insuring Agreement**
>
>     a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

5

      **b.**    This insurance applies to "bodily injury" and "property damage" only if:

          (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

          (2)    The "bodily injury" or "property damage" occurs during the policy period; …

             \*    \*    \*

**SECTION II – WHO IS AN INSURED**

1. If you are designated in the Declarations as:

             \*    \*    \*

    d.    An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

             \*    \*    \*

2. Each of the following is also an insured:

    a.    Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees," other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

             \*    \*    \*

**SECTION V – DEFINITIONS**

             \*    \*    \*

**2.** "Auto" means:

    a.    A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or
    b.    Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged.

    However, "auto" does not include "mobile equipment."

             \*    \*    \*

### EXCLUSION – AIRCRAFT, AUTO OR WATERCRAFT

The **Aircraft, Auto or Watercraft** exclusion under paragraph **2. Exclusions of Section I – Coverage A – Bodily Injury and Property Damage Liability** in the Commercial General Liability Coverage Part is deleted in its entirety and replaced by the following exclusion. The **Aircraft, Auto or Watercraft** exclusion is added under paragraph **2. Exclusions of Section I – Liquor Liability Coverage** in the Liquor Liability Coverage Part.

**Aircraft, Auto or Watercraft**

This insurance does not apply to any loss, claim, "suit", "bodily injury", "property damage" or "personal and advertising injury", actually or allegedly arising directly or indirectly based on, attributable to, arising out of, involving, as a consequence of, resulting from or in any way related to:

1. The ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by, rented or loaned to any insured. Use includes operation, training or monitoring of others, supervision, employment, hiring, leasing, renting, borrowing, lending, or "loading or unloading", whether owned or operated by any insured or others;

2. The selection, supervision, hiring, employment, training or monitoring of others in connection with ownership, maintenance, use or entrustment to others, of any aircraft, "auto" or watercraft owned or operated by, rented or loaned to them. Use includes operation, training or monitoring of others, supervision, employment, hiring, leasing, renting, borrowing, lending, or "loading or unloading."

This exclusion does not apply to any aircraft, "auto" or watercraft which is not owned by any insured while used solely as a static prop or static display item for filming, stage or entertainment performance operations by any person or entity afforded coverage under this policy, provided the aircraft, "auto" or watercraft is not in operation or in motion.

All other terms and conditions of this policy remain unchanged.

26.     The Clear Blue Policy provides the following under the Business Auto Coverage Form, in relevant part:

**SECTION I – COVERED AUTOS**

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbol describe the "autos" that may be covered "autos." The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos."

A. Description Of Covered Auto Designation Symbols

| Symbol | Description of Covered Auto Designation | |
|---|---|---|
| 8 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent or borrow from any of your "employees", partners (if you are a partnership), members (if you are a limited |

|   |   | liability company) or members of their households. |
|---|---|---|
| 9 | Non-Owned "Autos" Only | Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "autos" owned by your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households but only while used in your business or your personal affairs. |

\* \* \*

## SECTION II – LIABILITY COVERAGE

**A.** **Coverage**

We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

\* \* \*

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

\* \* \*

**1.** **Who Is An Insured**

The following are "insureds":

   **a.** You for any covered "auto".
   **b.** Anyone else while using with your permission a covered "auto"…
   **c.** Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

\* \* \*

## SECTION V – DEFINITIONS

\* \* \*

**A.** "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage."

8

    **B.** "Auto" means:

        **a.** A land motor vehicle, trailer or semitrailer designated for travel on public roads, including any attached machinery or equipment; or

        …

    **C.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

*   *   *

    **F.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

    **G.** "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

*   *   *

<strong>COUNT I – DECLARATORY RELIEF</strong><br><strong><u>(The Aircraft, Auto or Watercraft Exclusion Bars Coverage under the CGL Coverage Form)</u></strong>

27. Clear Blue restates and incorporates by reference each and every allegation set forth in the preceding paragraphs as though set forth in full herein.

28. The Clear Blue Policy contains an endorsement titled "Exclusion – Aircraft, Auto or Watercraft," which modifies the insurance provided under the CGL Coverage Form (the "Auto Exclusion").

29. The Auto Exclusion provides that the insurance does not apply, in relevant part, to any loss, claim, "suit," or "bodily injury" arising out of, involving, as a consequence of, resulting from, or in any way related to: (1) the ownership or use of any "auto" owned or operated by any insured; or (2) the supervision, hiring, employment, training or monitoring of others in connection with the ownership or use of any "auto" owned or operated by them.

30. In this case, JR's "bodily injury" allegedly arose out of the use of an "auto," which was owned and/or operated by Ogles who, at least in the context of the CGL Coverage Form, qualifies as an insured thereunder (based on her being an "employee" of Freaky Fast).

31. In addition, the basis of liability asserted against Freaky Fast and Jimmy John's allegedly arises out of those entities' negligent supervision, hiring, training or monitoring of Ogles in connection with her use of an "auto" owned or operated by her.

32. Accordingly, even if the Rigsbys' claims in the Underlying Lawsuit are construed as seeking to impose a legal obligation upon Clear Blue's insureds to pay damages because of "bodily injury" caused by an "occurrence," coverage under the CGL Coverage Form is barred by operation of the Auto Exclusion.

## COUNT II – DECLARATORY RELIEF
### (No Coverage under the Business Auto Coverage Form)

33. Clear Blue restates and incorporates by reference each and every allegation set forth in the preceding paragraphs as though set forth in full herein.

34. The Business Auto Coverage Form (the "Auto Form") describes ten classes of covered "autos" and explains that, where the number of a class appears on the Declarations page next to a type of coverage, "autos" of that class are the only covered "autos" under that coverage.

35. The Declarations list Symbols 8 (Hired "Autos" Only) and 9 (Non-owned "Autos" Only) for Liability Coverage.

36. The term "Hired 'Autos'" (Symbol 8) means, in relevant part, only those "autos" that Freaky Fast leases, hires, rents or borrows.

37. The Sixth Circuit Court of Appeals has made clear that, under Kentucky law, the allegations in the underlying Complaint do not contain the only relevant facts in determining the duty to defend. Instead, courts also consider the facts known to the insurer at the time it addressed the coverage inquiry, *i.e.*, "known facts."

38. Based on the facts known to Clear Blue, Freaky Fast did not lease, hire, rent or borrow the vehicle involved in the accident. Therefore, the vehicle is not a hired "auto."

39. The term "Non-owned 'Autos'" (Symbol 9) is defined, in relevant part, as only those "autos" that Freaky Fast does not own, lease, hire, rent or borrow that are used in connection with its business. This includes "autos" owned by Freaky Fast's "employees" or members of their households but only while used in Freaky Fast's business or personal affairs.

40. Based on the facts known to Clear Blue, the vehicle that Ogles was operating when she allegedly struck JR was privately owned by Kathryn Bigler, who is believed to be the mother of Ogles' boyfriend at the time.

41. Based on the facts known to Clear Blue, Ogles was "off the clock" at the time of the accident, and the vehicle she was operating was not being used in connection with Freaky Fast's business or affairs. Therefore, Ogles' vehicle is not a non-owned "auto."

42. Coverage under Section II—Liability Coverage of the Auto Form is triggered only if the Rigsbys' claims seek to impose a legal obligation upon Clear Blue's insureds to pay damages because of "bodily injury" to which the insurance applies, caused by an "accident" during the policy period, and resulting from the ownership, maintenance or use of a covered "auto."

43. Accordingly, insofar as JR's "bodily injury" did not result from the ownership, maintenance or use of a hired "auto" or non-covered "auto," as such terms are defined in the Clear Blue Policy, there is no coverage available to Freaky Fast or Jimmy John's under the Auto Form.

### COUNT III – DECLARATORY RELIEF
### (Recoupment of Defense Costs)

1. Clear Blue restates and incorporates by reference each and every allegation set forth in the preceding paragraphs as though set forth in full herein.

2. By letter dated December 28, 2018, Fortis Risk advised the insureds of Clear Blue's agreement to provide them each with a defense in the Underlying Lawsuit subject to a reservation of rights.

3. The letters expressly reserved Clear Blue's right to seek reimbursement of the fees and costs incurred in connection with the insureds' defense in the Underlying Lawsuit which are allocable to claims not potentially covered by the Clear Blue Policy.

4. Clear Blue has incurred, and will continue to incur, legal fees and expenses relating to the defense of the Underlying Lawsuit.

5. To the extent it is determined that there is no coverage available to the insureds under the Clear Blue Policy, Clear Blue is entitled, under Kentucky law, to reimbursement of all costs and expenses incurred in Clear Blue's defense of the insureds.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Clear Blue Specialty Insurance Company, respectfully requests that this Court enter judgment in its favor, and against Freaky Fast 2 Inc., Jimmy John's Franchise, LLC, and the Rigsbys, as follows:

(a) Declaring that Clear Blue owes no duty to defend or indemnify Freaky Fast or Jimmy John's under the Clear Blue Policy with respect to the Underlying Lawsuit under either the Commercial General Liability Coverage Form or the Business Auto Coverage Form;

(b) Declaring that Clear Blue is entitled to recoupment of fees, costs, and expenses incurred in connection with the defense of the insureds in the Underlying Lawsuit;

(c) Awarding Clear Blue its attorneys' fees, costs, and disbursements in prosecuting this action; and

(d) Granting Clear Blue any other and further relief as this Court deems just and appropriate.

Dated: January 11, 2019 Respectfully submitted,

/s/ William B. Orberson
William B. Orberson
PHILLIPS PARKER ORBERSON &
ARNETT, PLC
716 West Main Street, Suite
Louisville, KY 40202
Telephone: (502) 583-9900
Email: worberson@ppoalaw.com

Jordon S. Steinway*
BATESCAREY LLP
191 North Wacker, Suite 2400
Chicago, IL 60606
Telephone: (312) 762-3169
Email: jsteinway@batescarey.com
*Pro Hac Vice Admission Pending

*Counsel for Clear Blue Specialty Insurance Company*

14331.2111988